**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DIANE ROBINSON,

                            Plaintiff,

                  - v -                                          Civ. No. 1:12-CV-698
                                                                        (NAM/RFT)

JIMMY WEBBER, *Supervisor*,

                            Defendant.

APPEARANCES:                                      OF COUNSEL:

DIANE ROBINSON
Plaintiff, *Pro Se*
1112 6th Ave.
Schenectady, NY 12303

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Diane

Robinson.  Dkt. No. 1, Compl.  Robinson has not paid the filing fee and instead seeks permission

to proceed with this matter *in forma pauperis* ("IFP").  Dkt. No. 2, Mot. for IFP.

### I. DISCUSSION

Pursuant to 28 U.S.C. § 1915, individuals may seek leave of court to pursue their claims

without prepayment of fees or costs and proceed with the litigation as a poor person, or *in forma*

*pauperis*.  28 U.S.C. § 1915(a)(1).  However, before we examine whether Robinson demonstrates

the financial criteria required to properly proceed with this matter IFP, we feel compelled to first

review the Complaint pursuant to 28 U.S.C. § 1915A.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B).  Thus, it is the responsibility of the court to determine that a plaintiff may

properly maintain his complaint before permitting him or her to proceed further with the action.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.*  Compl. at ¶ 4.  Title VII of the Civil Rights Act of 1964 "prohibits employment

discrimination 'because of . . . race, color, religion, sex, or national origin' and states that such

discrimination is established when one of those factors 'was a motivating factor for any *employment*

practice, even though other factors also motivated the practice.'"  *Staub v. Proctor Hosp.*, ___ U.S.

___, 131 S.Ct. 1186, 1191 (2011) (citing 42 U.S.C. §§ 2000e-2(a), (m)); *see also Arbaugh v. Y&H*

*Corp.*, 546 U.S. 500, 503-06 (2006) (discussing Title VII's definitions of "employer," "employee,"

and the "employee-numerosity requirement").

Here, Plaintiff claims that she was removed from "job[s] . . . without any explanation," by

her supervisor Jimmy Webber.  Compl. at ¶ 8.  She alleges that Webber unfairly claimed she was

the originator for disagreements that occurred on work sites, and that Webber would take other

employees' sides in arguments instead of supporting her.  *Id.* at ¶¶ 8-9.  Further, Plaintiff claims that

her hours were "cut down" when she refused to sign "a blank statement against [her]," which she

"felt . . . was retaliation agains[t] [her] because [she] turn[ed] Peter in for hav[ing] [an] af[f]air with

one of the employees that he hires to work there."  *Id*. at ¶ 9.

Even affording Plaintiff all due liberality given to *pro se* litigants, *see Burgos v. Hopkins*,

14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will

interpret them to raise the strongest arguments that they suggest."), Plaintiff's claims clearly cannot be pursued under Title VII of the Civil Rights Act.  Plaintiff makes no allegation that she was discriminated against because of her race, color, religion, sex, or her national origin.  Instead, her claims simply center around her dissatisfaction with her supervisor Jimmy Webber's attitude towards her and what she alleges to be his unfair allocation of blame on her after work arguments erupt.  Additionally, it is well-settled in this Circuit that individuals are not liable under Title VII. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1998); *see also Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (*per curiam*).  Therefore, Plaintiff's claims cannot feasibly continue under this Act.

This does not end our review, however.  The Second Circuit has repeatedly enunciated a district court's obligation to read *pro se* complaints liberally.  *See Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings.").  Therefore, we review Robinson's Complaint in order to find another basis for this Court's exercise of its subject matter jurisdiction.  However, we immediately note that Plaintiff's action cannot be pursued under 42 U.S.C. § 1983, as Plaintiff fails to identify any specific or cognizable constitutional or federal right that was allegedly violated by Webber, and Plaintiff does not claim that Webber is a state actor or that he acted under color of state law.  Further, no jurisdiction based on diversity of citizenship

under 28 U.S.C. § 1332[1] exists here, as all parties involved in this litigation are citizens of New York State. *See* Compl. at ¶¶ 2-3.

Therefore, this Court does not have subject matter jurisdiction over this matter. When subject matter jurisdiction is lacking in an action, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, because Robinson has failed to establish a basis for the Court's subject matter jurisdiction, we recommend that Plaintiff's Complaint and this action be **dismissed** in its entirety.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failure to state a claim upon which relief may be granted and for failure to establish subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL**

---

[1] For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a state or of different States
28 U.S.C. § 1332(a).

**PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72 & 6(a).


Date:   June 11, 2012
        Albany, New York


Randolph F. Treece
U.S. Magistrate Judge