**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DIANE ROBINSON,**

       **Plaintiff,**

  vs.                                                        **1:12-CV-698**
                                                                **(NAM/RFT)**

**JIMMY WEBBER,**

       **Defendant.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

Diane Robinson
Schenectady, New York
Plaintiff, pro se

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

## INTRODUCTION

On April 27, 2012, plaintiff Diane Robinson filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against defendant Jimmy Webber, her supervisor. Plaintiff alleges that defendant discriminated against her based on her race or color and sex. Plaintiff, who has not paid the filing fee, moved to proceed with this matter in forma pauperis pursuant to 28 U.S.C. § 1915.

Before assessing whether plaintiff demonstrated financial need United States Magistrate Judge Randolph F. Treece reviewed the viability of the complaint in accordance with the requirements of 28 U.S.C. § 1915A. Magistrate Judge Treece found that the complaint lacked any feasible claim under Title VII because: (1) there were no "allegation[s] that she was

discriminated against because of her race, color, religion, sex, or her national origin"; and (2) "individuals are not liable under Title VII." Even reading plaintiff's complaint liberally, the Magistrate Judge could find no other legal basis, i.e., 42 U.S.C. § 1983, on which plaintiff could advance a claim against defendant because there is no allegation that defendant violated a constitutional or federal right - - or that he acted under color of state law. Noting that the parties lacked diversity of citizenship because they are citizens of New York State, 28 U.S.C. § 1332(a), the Magistrate Judge found that the complaint contained nothing to suggest the Court had subject matter jurisdiction over this action. Accordingly, the Magistrate Judge issued a Report-Recommendation and Order recommending that the complaint be dismissed for failure to state a claim upon which relief may be granted and failure to establish subject matter jurisdiction. Plaintiff timely objected.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. In her letter of objection, plaintiff states:

> I'm seeking monetary relief against my supervisor Jimmy Webber for the mistreatment I receive by Jim Webber. I also believe that treatment was not only because I black but because I'm a black female where there are mostly white they do not hire many black I one of four black and the only back female.
> Although disagreement happen in the work place it unfair that Jim Webber would single me out every time when I complain he would tell me learn to deal with it and blame me for what took place.
> And yes my hour was cut down which was not fair this treatment was not done to any other employee and I do feel very much so that it was and is discrimination against me were this treatment is not being done to any other employee and I do feel that Jimmy Webber is liable I feel that this is the right jurisdiction to my claim Jimmy Webber who is my supervisor should no that you don't mistreat any employee that way black or white. So I ask for monetary relief by this court. Also I would like the court to make them stop any bad treatment that I receive.
> I'm not asking for differen[t] treatment I just asking to be treated fairly like

2

all other employee in my case.  I believe that if I did not put a claim in to the E.E.O.C. I would still be treated the same way or would not have job.  So therefore please review my case.

Dkt. No. 5.

Nothing in plaintiff's letter of objection calls into question the Magistrate Judge's analysis of the complaint.  Title VII does not provide for individual liability.  *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (per curiam).  Therefore, the Title VII claims against defendant Jimmy Webber must be dismissed.  Moreover, the complaint does not allege that Webber is a state actor, or that he acted under color of state law.  *See Torraco v. Port Authority of New York and New Jersey*, 615 F.3d 129, 136 (2d Cir. 2010) ("Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws,' and allows parties to seek damages against state actors for alleged violations of federal rights.") (internal citation omitted) (quoting 42 U.S.C. § 1983).  Thus, the complaint does not state a claim under 42 U.S.C. § 1983.  As there is no other basis on which the Court can exercise subject matter jurisdiction over the allegations in the complaint, it must be dismissed.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order is adopted in its entirety; and it is further

**ORDERED** that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief may be granted and for failure to establish subject matter jurisdiction;

**ORDERED** that the complaint is dismissed without prejudice and with leave to replead;

3

and it is further

    **ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is **Denied** as moot.

    **IT IS SO ORDERED.**

Date: September 28, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge